THE AMERICAN EXCHANGE NATIONAL BANK, Respondent, *v.* THE NEW YORK BELTING AND PACKING COMPANY, Appellant.

*Action on a wrongfully diverted note — presumption as to good faith and notice — holder for value of substituted notes.*

When a note is wrongfully diverted the plaintiff in an action brought to recover the amount thereof is bound to show not only that he is a holder for value but also that he had no knowledge or notice of the diversion thereof, or facts from which his good faith and lack of such knowledge or notice can be inferred.

When it was shown that full value was paid for a note taken in the usual course of business, and there is no circumstance tending to show that the purchaser had notice of its diversion, it is presumed that it was acquired in good faith, and without notice of the diversion.

Where a person is the holder for value of certain notes, and other notes are substituted therefor, he is a holder for value of the substituted notes.

APPEAL by the defendant, The New York Belting and Packing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 21st day of June, 1893, upon the verdict of a jury directed by the court at the New York Circuit.

*Austin G. Fox*, for the appellant.

*Michael H. Cardozo*, for the respondent.

FOLLETT, J. :

This action was brought on a promissory note made July 18, 1890, by the defendant, whereby it promised to pay to its own order $5,000, eight months after date, at the Maverick National Bank of Boston. The defense interposed is that the note was made, indorsed and delivered to the Potter-Lovell Company, as the agent for the plaintiff, for the purpose of having it discounted or sold and the avails transmitted to the maker. It is also alleged that the Potter-Lovell Company wrongfully pledged it as security for its indebtedness to the plaintiff and that the plaintiff did not receive it for value and in good faith. It was shown beyond dispute that the note was made and delivered to the Potter-Lovell Company for the purpose of being sold or discounted and the avails transmitted to the defendant.

May 28, 1890, the Potter-Lovell Company borrowed $100,000 of the plaintiff, and gave its promissory note whereby it promised to pay that sum four months after date. When this loan was obtained, the Potter-Lovell Company held two notes made by the defendant for $5,000 each, one dated February 19, 1890, and the other March 26, 1890. Whether these notes had been diverted or not, does not appear. The Potter-Lovell Company pledged these notes to the plaintiff, with other security, as collateral to its note for $100,000. The plaintiff was a holder for value of these notes. (*Bank of New York* v. *Vanderhorst*, 32 N. Y. 553 ; *Brookman* v. *Metcalf*, Id. 591 ; *Moody* v. *Andrews*, 7 J. & S. 302 ; affd., 64 N. Y. 641.)

Subsequently, the Potter-Lovell Company withdrew the notes of February nineteenth and March twenty-sixth, and substituted the one in suit in their place, as security for the $100,000 loan, which made the plaintiff a holder for value of this note. (*Park Bank* v. *Watson*, 42 N. Y. 490 ; *Paddon* v. *Taylor*, 44 id. 371 ; *Cary* v. *White*, 52 id. 138.) These facts were proved by a witness called by the defendant, and it was not in a position to go to the jury on the question of his credibility. The note having been wrongfully diverted, the plaintiff was bound to show not only that it was a holder for value, but that it had no knowledge or notice of the fact that the note had been wrongfully diverted, or facts from which its lack of notice of the diversion — good faith — is inferable. (*Vosburgh* v. *Diefendorf*, 119 N. Y. 357 ; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 id. 192 ; *Joy* v. *Diefendorf*, 130 id. 6 ; *Sixth National Bank of New York* v. *Lorillard Brick Works Company*, 29 J. & S. 29.) But when it is shown that full value was paid for a note taken in the usual course of business, and there is no circumstance which tends to show that the purchaser had notice that it had been diverted, it is to be presumed that it was acquired in good faith and without notice of the diversion. (*Dalrymple* v. *Hillenbrandt*, 62 N. Y. 5 ; *Cowing* v. *Altman*, 71 id. 435 ; Byles on Bills [13th Eng. ed.], 123 *et seq.* ; Abb. Tr. Ev. 449 ; 1 Dan. Neg. Inst. § 819.)

The evidence shows that the plaintiff acquired the note for value and in the usual course of business, and no fact or circumstance has been called to our attention, or found by us in the record, which

rebuts the presumption of good faith, or which made the question of notice — good faith — one for the jury.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.