[L. A. No. 4120.    Department One.—January 18, 1918.]

BLOCHMAN COMMERCIAL AND SAVINGS BANK (a Corporation), Respondent, v. FIORENZO MORETTI et al., Appellants.

PROMISSORY NOTE — FRAUD IN INCEPTION — PURCHASER BEFORE MATURITY—DIRECTED VERDICT FOR PLAINTIFF.—In an action by the assignee of a promissory note against the makers who admitted the execution of the note, but set up the defense of fraud by the payees in procuring its execution and delivery, where the plaintiff showed by uncontradicted evidence that the note had been transferred to its assignor before maturity, in the regular course of business, and for a valuable consideration paid therefor, and the defendant offered proof to sustain the infirmities attending the execution and delivery of the note, but offered no evidence to show or tending to show notice to the plaintiff's assignor before the purchase of any equities in favor of the maker of the note, or that the note was taken by plaintiff's assignor under circumstances which would give rise to the presumption that he knew or should have known the facts impeaching its validity, the trial court committed no error in directing a verdict for plaintiff.

ID.—FRAUD IN INCEPTION OF NOTE—BURDEN OF PROOF.—Where in an action on a promissory note fraud in the inception of the note is shown, the burden of proof is on the indorsee to show that he is an innocent holder, which he may do by showing that he purchased the note before maturity, or from an innocent holder in the usual course of business, and thereafter, unless the evidence shows that the note was taken by the plaintiff under circumstances creating the presumption that he knew the facts impeaching its validity, the burden is cast upon the defendant to show that the plaintiff took the instrument with notice of the defendant's equities.

ID.—APPEAL — EVIDENCE WARRANTING DIRECTED VERDICT — IMMATERIALITY OF OTHER ALLEGED ERRORS.—Where in an action on a promissory note, defended by the makers on the ground of fraud in the making of the note, the uncontradicted evidence warrants

the trial court in directing a verdict for the plaintiff, errors which the trial court may or may not have made in the admission or rejection of evidence touching the infirmities of the original transaction, are removed from consideration on appeal.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

George B. Watson, and Riley & Heskett, for Appellants.

Sam Ferry Smith, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff in an action upon a promissory note executed by the defendants and transferred to the plaintiff's assignor before maturity. The answer of the defendants admitted the execution of the note, but proceeded to set forth that in the making and delivery thereof to the persons by whom it was transferred to the assignor of plaintiff they were misled by certain false and fraudulent misrepresentations as to the present and prospective value of the stock of a certain corporation known as The Western Underwriting and Mortgage Company, in which stock they were thus induced to invest, giving the note in question as a portion of its purchase price. Upon the issues thus tendered the cause came on for trial before a jury. The plaintiff produced the note with evidence showing its transfer to plaintiff's assignor before maturity in the regular course of business at a discount amounting to one per cent per annum upon the rate of interest specified in the note, and that the plaintiff's assignor issued in payment therefor its negotiable certificate of deposit for the full value of said note payable six months after date, which said certificate of deposit, after passing through the hands of several indorsees, had been paid when due. The defendants, on their behalf, offered proof to sustain the alleged infirmities attending the execution and delivery of the note, and also as to the worthlessness of the stock for the purchase of which it had been given. At the conclusion of the trial the plaintiff moved the court for a directed verdict, in its favor, upon the ground that the uncontradicted evidence in the case showed that the plain-

tiff's assignor was an innocent purchaser of the note for value before maturity and without notice of any equities in favor of its makers. The court granted said motion and the jury returned a verdict in plaintiff's favor in response to said direction, and from the judgment thereupon rendered and entered the defendants prosecute this appeal.

In the briefs of counsel for appellant much space is devoted to a review of the evidence presented at the trial in support of their conclusions as to the infirmities attending the making of the note in question, and as to certain alleged errors of the trial court in the admission or rejection of evidence touching these infirmities; but in view of the order of the trial court directing a verdict in plaintiff's favor upon the sole ground that according to the undisputed evidence it was the assignee of an innocent purchaser of said note before maturity for value and without notice of the defendants' equities, these alleged errors of the trial court became immaterial, unless it shall first be determined that its said order was erroneous, and this, therefore, is the only material issue before us upon this appeal.

On behalf of the appellants it is contended that in addition to showing that the plaintiff's assignor had become the purchaser of said negotiable note in the usual course of business for value, the plaintiff was further bound to affirmatively show that its said assignor had taken said note without notice of the defendants' equities; or, in other words, that the defendants having offered evidence tending to prove that they had been induced to make and deliver said note through such fraudulent representations on the part of the original holders thereof as would have sufficed to have defeated the same in the hands of others than innocent holders thereof, they had by such proofs cast upon the plaintiff the burden of proving that its assignor took the same without notice; and that the plaintiff had not tendered sufficient proofs to sustain the burden when, at the conclusion of the evidence, the court made its order directing a verdict in its favor. The chief authority upon which the appellant relies in support of this contention is the case of *Union Collection Co.* v. *Buckman,* 150 Cal. 159, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708]. That was an action to recover upon two certain negotiable notes issued in renewal of certain other notes given during the course of a gambling

game and against the collection of which the defense of an illegal consideration was urged. In the opinion of the court in that case the following language was used: "It is also well settled that even in the case of negotiable paper, where an action is brought by a subsequent holder, when it is shown that the same was obtained from the maker by fraud or duress, or that the consideration therefor was illegal, a *prima facie* case of notice to such holder is made out, and the burden of proving that he took without notice before maturity and for value is thrown upon him." The appellants herein principally rely upon the foregoing statement of what they contend to be the correct rule of law governing the burden of proof in this class of cases. On behalf of respondent, however, it is urged that while the language used in the case above quoted does attempt to lay down the rule that when it has been shown by the maker of a negotiable instrument that its execution has been accomplished through fraud, the burden of proof is cast upon the holder to show that he took the note before maturity, for value and without notice, the court does not attempt in that case to declare what proof on the part of the holder shall suffice to sustain this burden; while, on the other hand, this court, in the case of *Eames* v. *Crosier*, 101 Cal. 260, [35 Pac. 873], does go to the extent of laying down the correct rule in this regard. That was an action for the recovery of judgment upon two negotiable notes claimed to have been purchased by the plaintiff in good faith and without notice. The court found that the defendants were induced to make and deliver said notes upon false representations, but also found that the plaintiff's assignor had purchased and paid for said notes before maturity in good faith and without notice. In dealing with the measure of proof required to sustain this latter finding this court said: "Upon proof by the defendant of fraud or illegality in the inception of the note, the burden is cast upon the indorsee to show that he is an innocent holder. This the latter may do by showing that he purchased the note before maturity, or from an innocent indorsee, for value in the usual course of business. When this is done, unless the evidence shows that the note was taken by the plaintiff under circumstances creating the presumption that he knew the facts impeaching its validity, the burden is cast upon the defendant to show, if he would defeat the plaintiff in his action, that

the latter took the instrument with notice of the defendant's equities." In support of the rule thus declared the court cited the case of *Jordan* v. *Grover*, 99 Cal. 194, [33 Pac. 889], wherein the above rule is also stated. In the cases of *Sinkler* v. *Siljan*, 136 Cal. 356, [68 Pac. 1024], *Bell* v. *Pleasant*, 145 Cal. 410, [104 Am. St. Rep. 61, 78 Pac. 957], *Meyer* v. *Lovdal*, 6 Cal. App. 369, [92 Pac. 322], and *Citizens' Bank* v. *Stewart*, 22 Cal. App. 91, [133 Pac. 337], the rule above quoted from *Eames* v. *Crosier*, *supra*, is restated and applied. It is to be noted that while the cases of *Union Collection Co.* v. *Buckman* and *Eames* v. *Crosier*, both cite the case of *Jordan* v. *Grover*, the case of *Eames* v. *Crosier* and the later cases above cited which uphold its doctrine are neither cited nor referred to in the case of *Union Collection Co.* v. *Buckman*, and were evidently not called to the attention of the court in the discussion or decision of the latter case. In support of the rule above quoted in the case of *Eames* v. *Crosier* we are referred by respondent to a respectable volume of authority supporting said rule. In Daniel on Negotiable Instruments, fourth edition, section 189, it is stated that "When the holder responds by showing that he did acquire the instrument *bona fide* for value in the usual course of business while it was current and under circumstances which do not operate as constructive notice of the facts which impeach the original validity, the defendant must then prove that he had actual notice of such facts, otherwise the holder's right to a recovery against him is perfected." The authorities cited by this learned commentator in support of this statement of the rule and which fully sustain it, are these: *First Nat. Bank* v. *Dawson*, 78 Ala. 71; *Third Nat. Bank* v. *Tinsley*, 11 Mo. App. 498; *Henry* v. *Sneed*, 99 Mo. 422, [17 Am. St. Rep. 580, 12 S. W.' 663]; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191, [10 L. R. A. 676, 25 N. E. 402]; *Battles* v. *Laudenslager*, 84 Pa. St. 446; *Johnson* v. *McMurry*, 72 Mo. 282; *Tod* v. *Wick*, 36 Ohio St. 390; *Kellogg* v. *Curtis*, 69 Me. 214, [31 Am. Rep. 273]; *Hay* v. *Jaeckle*, 90 Hun, 114, [35 N. Y. Supp. 650]; *American etc. Bank* v. *New York Belting Co.*, 74 Hun, 446, [26 N. Y. Supp. 822]; *Commercial Bank* ·v. *Burgwyn*, 110 N. C. 267, [17 L. R. A. 326, 14 S. E. 623]. From an examination of these authorities we are satisfied with the correctness of the rule stated in *Eames* v. *Crosier*, 101 Cal. 260,

[35 Pac. 873], as above set forth.  We are further of the opinion that there is no real conflict between the cases of *Eames* v. *Crosier*, and of *Union Collection Co.* v. *Buckman.* The rule requiring *bona fides* on the part of purchasers of negotiable paper subject to such infirmities as were shown to have existed in the making of the instrument herein sued upon is correctly stated in both of these cases.  In the latter case the court contented itself with the general statement of the rule which, it may be noted, it was not required by the facts of that case to do; while in the former case the court went further to the extent of stating just what proof would suffice to sustain the holder's burden of showing his *bona fides* in the transaction, and at what point the burden of proving that the plaintiff, or his assignor, had actual notice of the original infirmities of the note would be shifted to the defendant.  We are satisfied from a careful examination of the record before us that the uncontradicted evidence before the trial court in this case at the time its order directing the jury to render a verdict in plaintiff's favor was made showed that the plaintiff's assignor had purchased the note in question in good faith, before maturity, in the usual course of business, for full value; and that there was no evidence showing, or tending to show, that the note was purchased by the plaintiff's assignor, or taken under circumstances which would give rise to the presumption that plaintiff knew, or should have known, the facts impeaching its validity.  Such being the state of the case we are constrained to hold the trial court committed no error in directing a verdict in plaintiff's favor herein.  This view removes from our consideration the questions which the appellants present as to any errors which the trial court may or may not' have made in the admission or rejection of evidence touching the infirmities of the original transaction.

No other questions being presented for our consideration the judgment is affirmed.

Shaw, J., and Sloss, J., concurred.