### 9916. Mizell Live Stock Company v. Sutton.

Luke, J. 1. Where a purchaser of a promissory note has actual notice that it was given for the purchase of stock in an incorporated company, sold by an agent, traveling salesman, or promoter, such notice is just as effective to put the purchaser of the note on nòtice that he.is taking it subject to the equities existing between the original parties thereto as if the consideration of the note had' been expressed in the face of the note. See Acts 1912, p. 153; Park's Code § 4294 (b); *Heard* v. *Nat. Bank,* 143 *Ga.* 48 (84 S. E. 129).

2. The charge of the court, when read as a whole, is not subject to the criticisms urged; the evidence authorized the verdict, which has the approval of the trial judge. For none of the reasons assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

Decided January 15, 1919.

Complaint; from city court of Nashville—Judge Christian. June 8, 1918.

*H. L. Jackson, W. D. Buie,* for plaintiff.

*H. L. Quincey, J. D. Lovett,* for defendant.

---

### 9921. Western and Atlantic Railroad Company v. Gregg.

Luke, J. 1. When read as a whole, the charge of the court complained! of presented correctly the law of the case. While the evidence for the defendant was strongly opposed to the testimony of the plaintiff, yet the plaintiff swore to a state of facts which, if believed, proved her case as laid. The jury were authorized to believe her in preference to the greater number of witnesses. Since the trial judge, upon whom this court must, by law, depend so to do, has, in the exercise of his discretion, approved the verdict, which has some evidence to support it, and there being no error of law in the trial of the case, the judgment overruling the motion for a new trial is

*Affirmed. Wade, C. J., and Jenkins, J., concur.*

Decided January 15, 1919.

Action for damages; from Whitfield superior court—Judge Tarver. June 6, 1918.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error.

*W. C. Martin, W. E. Mann, W. Gordon Mann,* contra.