[Civ. No. 3503. First Appellate District, Division One.—September 28, 1920.]

THOMAS B. LYNCH, Respondent, v. C. H. HOLBROOK, Jr., et al., Appellants.

[1] PROMISSORY NOTE—ACTION BY ASSIGNEE—DELIVERY — EVIDENCE— LETTER OF ATTORNEY—INADMISSIBILITY.—In an action to recover on a promissory note alleged to have been transferred to plaintiff before maturity, a letter written by the attorney for the plaintiff to one of the defendants containing alleged statements contradictory of the testimony of the attorney as to the date and fact of the delivery of the note to the plaintiff was properly excluded, where the testimony of the attorney was purely negative as to his possession of the note at any time, and the testimony of the plaintiff was positive as to plaintiff's possession of the note at the time in question.

[2] ID.—LACK OF CONSIDERATION—FRAUD—EVIDENCE.—In an action by the assignee of a promissory note to recover of the makers, evidence that the note was without consideration and obtained by fraud of the assignor was inadmissible, in the absence of sufficient evidence tending to show that plaintiff was not a *bona fide* transferee before maturity for value and without notice of the alleged equities of the defendants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. W. Mahon, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Alfred J. Harwood for Appellants.

C. L. McEnerney for Respondent.

RICHARDS, J.—This was an action brought to recover upon a promissory note for the sum of fifteen hundred dollars signed by the defendants and payable to one J. B. Graves or order one month after date and transferred by said Graves to plaintiff before maturity.

The defendants in their answer denied that the note had ever been delivered to said Graves, alleged that the same had been transferred to the plaintiff after maturity, and had been taken by him from Graves with notice of the fact that it was without consideration, and further alleged that

said note had been obtained by said Graves through certain fraudulent representations which would have entitled said defendants to avoid said note in the hands of any but a *bona fide* transferee for value before maturity and without notice.

When the cause came on for trial the trial court refused to permit defendants to make proof of their said defense of fraudulent misrepresentations in avoidance of said note until they had presented evidence to show that the plaintiff was not a *bona fide* purchaser of said note for value and before maturity. In an attempt to make this showing the defendants offered evidence of the fact that Mr. C. L. Mc-Enerney, who was the attorney of record for the plaintiff in the case at bar, had also been acting as the plaintiff's attorney in other matters at the time of the transaction between the defendants and said Graves through which said note had been given, and that said C. L. McEnerney was also at said time attorney for said Graves in connection with said transaction, the claim of the defendants being at the time of the offer of such evidence that whatever knowledge said McEnerney had become possessed of by virtue of the fact that he was the attorney for Graves in said transaction was to be imputed to the plaintiff for whom said McEnerney was at the same time the attorney in other matters unconnected with said transaction. The trial court refused to concur in this contention, and also refused to admit in evidence a letter written by said McEnerney to one of the defendants shortly after the time of the transaction between the defendants and said Graves by the contents of which they claim the plaintiff would be bound, and by which they also claimed they would be able to contradict certain testimony which McEnerney had given as to the date and fact of the delivery of said note to plaintiff. The court refused to admit such letter for that purpose, and also refused to permit the defendants to inquire of a witness named Mc-Guire as to certain statements which McEnerney was claimed to have made to him as to the time of the delivery of the note in question to the transferee. These various rulings the defendants have assigned as error upon this appeal.

In their final brief upon appeal the appellants withdraw their contention that the plaintiff, as the transferee of the note in question, was chargeable with whatever knowledge

his attorney, Mr. McEnerney, in other matters had become possessed of while acting as the attorney for Graves in the transaction in the course of which said note had been given. They still insist, however, upon the four other grounds which are specified in their closing brief. The first of these is that the court erred in its refusal to admit in evidence the aforesaid letter written by McEnerney to one of the defendants shortly after the transaction in question wherein he stated that he had been in possession of said note at a date after that which the plaintiff had testified as the date when the note had been delivered to him. It is clear that the defendants were not entitled to the admission of said letter for any such purpose, since nothing that McEnerney, while acting as Graves' attorney, might have written or said as to his own possession of said note could have been binding upon the plaintiff, or serve to contradict his own sworn statement as to the time of the delivery of the note to him.

[1] The appellants, however, make the further contention in respect to the admissibility of said letter that it would have served to contradict certain testimony which said McEnerney had given as a witness in the case to the effect that he had never been in possession of said note. This contention may be well founded; but the contradiction of McEnerney's testimony in that regard was quite an immaterial matter, since said testimony of McEnerney was purely negative as to his possession of the note at any time, and his letter tending to contradict such statement would only amount at best to his impeachment in that regard, but would not otherwise tend to show that the plaintiff's testimony as to the time of the delivery of the note to himself was not true. The plaintiff, on the other hand, had affirmatively shown himself to have been possessed of said note at the time to which the testimony and also the letter of McEnerney were referable, and this testimony stands without contradiction in the record. The case, therefore, will not be reversed upon the ground that there was error committed by the trial court in the exclusion of said letter.

The same reasoning and conclusion apply to the statements of McEnerney which the defendants sought to show had been made to McGuire regarding the former's possession of the note.

[2]   The next three contentions of the appellants refer to rulings of the trial court in the rejection of evidence tending to show that said note was without consideration and was obtained by Graves through fraud; but since the defendants had failed to produce any evidence sufficiently tending to show that the plaintiff was not the *bona fide* transferee of said note before maturity, for value and without notice of the alleged equities of the defendants, such offered testimony was clearly inadmissible, and hence the court was not in error in the exclusion of the same.

This disposes of the several contentions upon which the appellants have finally relied for a reversal of the cause.

Judgment affirmed.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.