[Civ. No. 4087.   First Appellate District, Division One.—April 10, 1922.]

## ERICKSON MOTOR COMPANY (a Corporation), Respondent, v. A. S. RUSSELL, Appellant.

[1] CONTRACTS—CONDITIONAL SALE OF AUTOMOBILE—ASSIGNMENT AND GUARANTY—BREACH BY VENDEE—PAYMENT BY VENDOR—OWNERSHIP—PLEADING.—A complaint alleging that plaintiff and defendant entered into a conditional contract for the purchase by defendant from plaintiff of a certain automobile, by the terms of which portions of the purchase price were to be paid monthly, that plaintiff assigned said contract to a security company and guaranteed the prompt payment by defendant of the sums due thereunder, that defendant after paying certain specified installments failed and refused to pay those later falling due, that thereafter upon demand plaintiff paid to the security company the balance due, and that "it is now the owner and holder of the aforesaid contract of conditional sale," sufficiently shows ownership in plaintiff of the outstanding rights under said contract, and an allegation that the contract was reassigned by the security company to plaintiff is not essential.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. R. Cunnyngham and H. H. McPike for Appellant.

Haven, Athearn, Chandler & Farmer for Respondent.

KERRIGAN, J.—This is an appeal from the judgment in an action by plaintiff, a guarantor, against the defendant, its principal, for reimbursement, and is taken upon the judgment-roll after a trial upon the merits. The sole question to be decided is whether or not the court erred in overruling defendant's general demurrer to the complaint.

[1] The complaint alleges that the plaintiff and defendant entered into a conditional contract for the purchase by defendant from plaintiff of a certain Moon automobile, by the terms of which portions of the purchase price were to be paid monthly; that said contract also provided that if the purchaser failed to perform any of its terms or conditions, the seller might declare the entire purchase price to be due and payable; that subsequent to the making of said contract it was assigned by the plaintiff to the Merchants Security Company, the former guaranteeing the prompt payments by defendant of the sums due thereunder; that defendant paid to said assignee six of the monthly installments due under the contract, but has failed and refused to pay those later falling due; that thereafter upon demand the plaintiff paid to the Merchants Security Company the balance due, and that "it is now the owner and holder of the aforesaid contract of conditional sale."

It is to this last allegation quoted from the complaint that the defendant's objection runs, he contending that it is but the statement of a conclusion of law, and does not amount to an allegation that the contract was reassigned to plaintiff, and that therefore the demurrer to the complaint should have been sustained, for where an action is brought upon an assigned contract such assignment must be alleged. (Sutherland on Code Pleading, sec. 3274.)

The point would appear to be well taken if this were the only allegation in the complaint upon the subject of the plaintiff's ownership of the chose in action sued upon (*Curtin* v. *Kowalsky,* 145 Cal. 433 [78 Pac. 962]), but it is also alleged therein that upon assigning the contract to the Merchants Security Company the plaintiff guaranteed its prompt payment, and that the defendant having failed to make certain of the payments provided for, the plaintiff upon demand did so.  It is clear that when plaintiff, the guarantor, paid to the Merchants Security Company, the guarantee, the amount due, it became subrogated to the rights of the latter, and to reimbursement of the amount so paid.  "When a guarantor pays his principal's matured debt he at once has a right of action against him to be reimbursed for the amount so paid, whether there is an express agreement by the principal to indemnify him or not."  (20 Cyc. 1495.)  "A person may become guarantor even without the knowledge or consent of the principal."  (Civ. Code, sec. 2788.)  This allegation of payment by plaintiff, the guarantor, taken in connection with the averment that plaintiff is the owner and holder of the contract, was sufficient to show ownership by plaintiff of the outstanding rights thereunder.  It was entitled, therefore, to maintain this action for the recovery from the defendant of the money paid by it to the Merchants Security Company as a consequence of the defendant's default.  (*Eames* v. *Crosier,* 101 Cal. 260 [35 Pac. 873].)

The judgment is affirmed.

Knight, J., *pro tem.,* and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 10, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1922.

All the Justices concurred.