[Civ. No. 7331.   First Appellate District, Division One.—November 29, 1930.]

M. ROBB, Appellant, v. T. J. CARDOZA, Respondent.

M. ROBB, Appellant, v. W. P. MULHERN, Respondent.

M. ROBB, Appellant, v. T. J. CARDOZA, Respondent.

Charles H. Sooy for Appellant.

Goldman, Nye & Reed M. Clarke, Douglas A. Nye and Vincent Surr for Respondents.

THE COURT.—The above actions were brought on three promissory notes executed by the respective defendants to

Big Creek Ranch, Inc., a corporation, and by it indorsed before maturity to the Pacific National Bank of San Francisco. The bank assigned the notes to plaintiff for collection.

As defenses the defendants in each action alleged that the note was given without consideration and that the bank was not a holder in due course. In two of the actions it was also alleged as a defense that the execution of the note was induced by false representations as to the financial conditions of the payee corporation.

The cases were tried together. The trial court made no finding on the defenses last mentioned, but found in each case that the note was given without consideration and that the bank was not a holder in due course. In each case the conclusions from the findings were that the bank was not a holder in due course and that defendant was entitled to judgment. Judgments were entered accordingly, and plaintiff has appealed therefrom. The appeals are presented upon the same transcript and briefs, and it is contended as grounds for the appeals that the findings do not support the conclusions of law or the judgments.

The findings, so far as material, are as follows:

"That said promissory note was executed and delivered by defendant to Big Creek Ranch Inc., a corporation, on the 10th day of November, 1926; that said defendant received no consideration whatsoever from said Big Creek Ranch Inc., and that the said Big Creek Ranch Inc. on or about the 30th day of November, 1926, transferred, endorsed and delivered the said promissory note to said Pacific National Bank of San Francisco as and for additional and collateral security upon an indebtedness by a promissory note then due, owing and unpaid from said Big Creek Ranch Inc. to the said Pacific National Bank of San Francisco; that at the time said Pacific National Bank of San Francisco took said promissory note as such additional and collateral security it had full knowledge of the following facts concerning said note executed by said defendant to said Big Creek Ranch Inc., a corporation, to-wit:

"1. That said note had been made, executed and delivered by defendant to said Big Creek Ranch Inc. for the purchase of certain shares of the capital stock of said Big Creek Ranch Inc., a corporation.

"2. That said Big Creek Ranch Inc., a corporation, was indebted to the said Pacific National Bank of San Francisco in the sum of approximately twenty-seven thousand dollars ($27,000.00).

"3. That said Big Creek Ranch Inc. was not then and for a considerable time prior thereto had not been able to pay the sum then due and owing from it to said Pacific National Bank of San Francisco, to wit, approximately the sum of twenty-seven thousand dollars ($27,000.00), or any portion thereof.

"4. That the said Pacific National Bank of San Francisco had demanded payment of said note from said Big Creek Ranch Inc. on a number of occasions at and subsequent to the due date of said promissory note, but that said Big Creek Ranch Inc. had not been able to pay and had not paid the sum then due and owing, or any portion thereof.

"5. That said Big Creek Ranch Inc. did not have money on hand with which to meet its indebtedness to the said Pacific National Bank of San Francisco.

"6. That the said Pacific National Bank of San Francisco at the time of the delivery to it of said promissory note of the defendant herein held a chattel mortgage upon certain cattle owned by said Big Creek Ranch Inc. as security for the payment to it by said Big Creek Ranch Inc. of said indebtedness, and that upon a count of said cattle shortly theretofore made the number of said cattle was found by said Pacific National Bank of San Francisco to be less than the number of cattle that had theretofore been mortgaged to said Pacific National Bank of San Francisco by said Big Creek Ranch Inc."

The statute provides that every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument is defective the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course (Civ. Code, sec. 3140), and that the title of any person who negotiates an instrument is defective when he obtained the instrument or any signature thereto by fraud, duress, force or fear or other illegal means, or for an illegal consideration (Civ. Code, sec. 3136). It is also provided that an absence or failure of consideration

is a matter of defense against any person not a holder in due course (Civ. Code, sec. 3109).

The rule appears to be well settled that a mere want of consideration for the instrument does not operate to throw upon the holder the burden of proving that he, or the one under whom he claims, acquired the title as a holder in due course, as section 3136 of the Civil Code, which defines defective title, does not include a want or failure of consideration (19 Cal. Jur., Negotiable Instruments, sec. 177, p. 1042; 8 Cor. Jur., Bills and Notes, sec. 1294, pp. 987, 988, and cases cited; *Page* v. *Hallam & Co.*, 212 Ill. App. 462; *Wheat* v. *Goss*, 193 Ind. 558 [141 N. E. 311]; *Bank of Polk* v. *Wood*, 189 Mo. App. 62 [173 S. W. 1093]; *Title Guaranty & Trust Co.* v. *Pan*, 232 N. Y. 441 [134 N. E. 525]; *Cole Banking Co.* v. *Sinclair*, 34 Utah, 454 [131 Am. St. Rep. 885, 98 Pac. 411]).

Moreover, it has been held that in such actions evidence that the note was without consideration is inadmissible in the absence of evidence tending to show that a plaintiff indorsee was not a *bona fide* transferee for value and without notice of the alleged equities of the defendant (*Lynch* v. *Holbrook*, 49 Cal. App. 380 [193 Pac. 505]). Consequently, proof of an original want of consideration for the instrument was not sufficient alone to establish that plaintiff's title to the instruments was defective, or to throw upon him the burden of proving that the one under whom he claimed was a holder in due course. And while the findings are to receive such a construction as will uphold rather than defeat the judgment, and from the facts found ultimate facts may be inferred in support of the judgment, it is not within the province of the appellate court to infer from the findings ultimate facts which would support the judgment when such do not necessarily follow from the facts found (*Rossini* v. *St. Paul etc. Ins. Co.*, 182 Cal. 415 [188 Pac. 564]; *Sargent* v. *Shumaker*, 193 Cal. 122, 131 [223 Pac. 464]; 2 Cal. Jur., Appeal and Error, sec. 513, p. 876).

That the bank was not a holder in due course within the provisions of section 3133 of the Civil Code does not necessarily follow from the finding that there was a want of consideration for the notes; and under such circum-

stances, as held in the above cases, the ultimate facts cannot be inferred by this court.

Respondent claims, however, that the remaining findings sufficiently show that the bank was not a holder in due course. These facts are that the bank had knowledge that the notes were executed for the purchase of stock in the Big Creek Ranch Inc., that this company was insolvent, and that security given the bank for a loan, namely, certain cattle, had disappeared; and further that the taking of the notes as collateral security under the circumstances amounted to bad faith.

In support thereof two cases are cited. In *Hamilton* v. *Mihills,* 92 Wash. 675 [159 Pac. 887], a note for its bonds and stock was executed by the defendant to a corporation, and indorsed by the latter to its president as collateral security. The defense was fraud and that the indorsee was not an innocent holder. Judgment was entered for the defendant. The appellate court in passing upon the sufficiency of the evidence to support the finding that the plaintiff was not an innocent holder said: "At the time he took the notes and for some time prior thereto he had been the president of the company and in the active management of its affairs. He must have known that the only assets of the company were merely options on the limestone land. It is conceded that the note was given for bonds and stock and it cannot be doubted that he knew that both bonds and stock were practically valueless."

. In *Mizell Livestock Co.* v. *Sutton,* 23 Ga. App. 270 [98 S. E. 102], the note sued upon was given for shares of stock in a corporation and was indorsed to the plaintiff. The stock was sold to the maker of the note by an agent. The Georgia statute provided that all promissory notes given for the purchase of stock in any incorporated company and sold by a traveling salesman or agent should have expressed on its face the consideration therefor. It was held that actual notice to the purchaser of the note that it was given for the purchase of stock in a corporation which was sold by an agent was as effective to put the purchaser of the note upon notice that he was taking it subject to the equities between the original parties as if the consideration had been expressed upon the face of the note.

Neither of the above cases supports respondents' contention. ▪ Under the law of this state, to constitute notice of an infirmity in a negotiable instrument, or a defect in the title of the person negotiating the same, the person to whom it is negotiated must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith; and mere knowledge of facts sufficient to put a prudent man upon inquiry without actual knowledge, or mere suspicion of an infirmity or defect of title, does not preclude the transferee from occupying the position of a holder in due course, unless the circumstances or suspicions are so cogent and obvious that to remain passive would amount to bad faith (*Goodale* v. *Thorn*, 199 Cal. 307 [249 Pac. 11]). While parts of the testimony tended to show that two of the notes were procured by fraudulent representations as to the financial condition of the payee corporation, there was no finding that that was the case; nor would such a finding, if made, have been sufficient alone to sustain the conclusion that the indorsee bank was not an innocent holder. ▪ The rule is well settled that the indorsee of a promissory note as security for a pre-existing debt is a holder for value in the usual course of business (*Payne* v. *Bensley*, 8 Cal. 260 [68 Am. Dec. 318]; *Smitton* v. *McCullough*, 182 Cal. 530 [189 Pac. 686]; *Hunt* v. *Glassell*, 47 Cal. App. 774 [181 Pac. 373]; *Griswold* v. *Morrison*, 53 Cal. App. 93 [200 Pac. 62]; *People's State Bank* v. *Penello*, 59 Cal. App. 174 [210 Pac. 432]; *Williams* v. *Walker*, 66 Cal. App. 672 [226 Pac. 939]); and, as held in *Goodale* v. *Thorn*, supra, and *Blochman Commercial etc. Bank* v. *Moretti*, 177 Cal. 256 [170 Pac. 419], when these facts are shown, unless the evidence shows that the note was taken under circumstances creating the presumption that the indorsee knew the facts impeaching its validity the burden is cast upon the defendant to show that the indorsee took with notice of the defendant's equities. The facts which the bank knew were quite similar to those in *People's State Bank* v. *Penello*, 67 Cal. App. 103 [227 Pac. 190], where it was held that the same furnished no sufficient ground for the inference that the bank had knowledge of the fraudulent inception of the notes at the time they were indorsed. ▪ And here the facts found furnish no evidence of actual knowledge of

the infirmity or defect; nor do they necessarily or even reasonably support the conclusion that the bank's representative was as a prudent man thereby put upon inquiry, or that the acceptance of the note under the circumstances amounted to bad faith.

It is our conclusion that the findings are insufficient to support the conclusions of law or the judgments appealed from. The judgments are reversed.

Petitions for a rehearing of these causes and for vacation of judgment and amending opinion were denied by the District Court of Appeal on December 29, 1930.