[No. 14385. Department Two. — August 10, 1893.]

## P. H. JORDAN ET AL., APPELLANTS, *v.* D. W. GROVER ET AL., RESPONDENTS.

PROMISSORY NOTE—FRAUD IN PROCUREMENT—BONA FIDE PURCHASER—BURDEN OF PROOF.—Where fraud in the procurement of a promissory note is shown by the maker, the burden of proof is then cast upon the indorsee to show that he is an innocent holder, and to sustain such burden he must show that he purchased the note before maturity in good faith for value, in the usual course of business, and under circumstances which create no presumption that he knew the facts which impeach its validity.

ID.—PRESUMPTION AGAINST FRAUDULENT PAYEE AND HOLDER.—A presumption exists that a fraudulent payee would be likely to shield himself by placing the note in the hands of another person to sue upon it, and such presumption operates against the holder.

ID.—PURCHASE FOR HALF VALUE WITH KNOWLEDGE OF MAKER'S SOLVENCY—PURCHASER PUT UPON INQUIRY AS TO CONSIDERATION.—The purchase of a promissory note before its maturity for one half its face value, with knowledge upon inquiry previously made of the maker's solvency, but without inquiry as to the consideration thereof, are circumstances to be considered by the jury in determining whether the purchase was made in good faith, and are of themselves sufficient to arouse the suspicions of an ordinarily prudent man, and to put him upon inquiry as to the consideration.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank D. Ryan, Bart Burke, Joseph H. Shirm,* and *Spalsbury & Burke,* for Appellants.

*George E. Lawrence,* for Respondents.

FITZGERALD, J.—This is an action on a promissory note for two thousand dollars made by the defendant Grover to his co-defendant, Edward H. Flemming, or order, and by the latter indorsed and delivered to the plaintiffs before maturity. The

answer denies "that there was any consideration for the note," and avers fraud in the procurement thereof by the payee from the maker, and notice by plaintiffs prior to the purchase. The action was dismissed by plaintiffs as to the defendant Flemming, and upon a trial of the case by a jury defendant Grover had verdict and judgment. Plaintiffs appeal from the judgment and the order denying their motion for a new trial.

As to the question of fraud in the procurement of the note by Flemming from Grover, that is a fact which must be assumed on this appeal for the reason that the evidence upon this issue is sufficient to justify the verdict. And as proof of this fact would have constituted a valid defense against Flemming, had he sought to recover on the note, it would for the same reason be equally as good a defense against the plaintiffs, whose position was no better than the payee, unless they were *bona fide* holders; and the rule is well settled by the weight of modern authorities, both in this country and England, that where fraud or illegality in the inception of the note is shown by the maker, the burden of proof is then cast upon the indorsee to show that he is an innocent holder. (*Graham* v. *Larimer*, 83 Cal. 173; *Stewart* v. *Lansing*, 104 U. S. 505; *Vosburgh* v. *Diefendorf*, 119 N. Y. 357; 16 Am. Am. St. Rep. 836; *Smith* v. *Livingston*, 111 Mass. 342; *Kellogg* v. *Curtis*, 69 Me. 212; 31 Am. Rep. 273.) The reason generally given for this rule is "that a presumption exists that a fraudulent payee would be likely to shield himself by placing the note in the hands of another person to sue upon it, and such presumption operates against the holder."

The plaintiffs must therefore, in order to sustain the burden thus cast upon them, show that they purchased the note before maturity in good faith, for value in the usual course of business, and "under circumstances which create no presumptions that they knew the facts which impeach its validity." (1 Daniel on Negotiable Instruments, 4th ed., sec. 815.)

It appears that the note was purchased by plaintiffs before maturity for one half its face value, with knowledge upon inquiry previously made of the maker's solvency, but without inquiry as to the consideration thereof; nor was there any reason or explanation given for the purchase of the note at a price so

grossly inadequate to its actual value. These circumstances were of themselves sufficient to arouse the suspicions of an ordinarily prudent man and put him on inquiry as to the consideration, therefore material for the consideration of the jury in determining whether the purchase was made by plaintiffs in good faith. They were therefore properly considered by the jury in connection with the testimony offered by plaintiffs upon this issue in determining whether they were innocent holders, and as the jury found therefrom that they were not such holders, it follows that the verdict rendered thereon cannot, under the well established rule of this court, be disturbed.

The instructions and charge of the court state the law correctly and with singular clearness, and as the alleged errors of law occurring at the trial are either not well founded or immaterial, the judgment and order should be affirmed, and it is so ordered.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.