[L. A. No. 19997.   In Bank.   July 1, 1947.]

G. G. CHRISTIAN, Appellant, v. CALIFORNIA BANK
(a Corporation) et al., Respondents.

A. W. Brunton for Appellant.

Roane Thorpe, Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondents.

SHENK, J.—Plaintiff appeals from a judgment of dismissal entered in favor of defendant banks pursuant to an order sustaining their demurrers to the first amended complaint without leave to amend.

The first amended complaint alleges in substance the following facts, which are accepted as true in testing the sufficiency of the pleading as against general demurrer:

About the month of June, 1945, plaintiff and the defendant Rotsios orally agreed to enter into a copartnership under the name of S. & R. Produce Company, and instructed an attorney to draft articles of copartnership. It was orally agreed, among other things, that moneys of the copartnership would be withdrawn from the bank only upon the signatures of both partners. The articles of copartnership provided that neither partner should without the consent of the other ". . . sign or endorse negotiable paper. . . . No check shall be drawn or voucher issued unless signed by both partners to this agreement."

On June 4, 1945, plaintiff purchased from the defendant Security-First National Bank of Los Angeles a $3,500 cashier's check payable to his own order. He indorsed the check and also stamped upon it, immediately below his signature, following further indorsement: "Pay to the order of 303 Bank of America 303 Trust & National Savings Association S & R Produce Co."

Plaintiff delivered this check to Rotsios with instructions to deposit it in the Bank of America to the account of the produce company. Rotsios had no right to indorse the checks of the produce company without the joint signature of his copartner and had no right to deposit them to his personal

account. However, contrary to instructions, he took the $3,500 check to a branch of the defendant California Bank, where he had a personal account. There, according to the amended complaint, Rotsios "presented said Cashier's Check to said bank, at which time said bank, by and through its agents and servants, and the said Bill Rotsios, blocked out the stamped restrictive endorsement which the plaintiff had caused to be placed on the back of said check, and the said defendant, Bill Rotsios, then endorsed his own name on the back of said Cashier's Check and the said defendant, California Bank, accepted said altered check and credited the same to the personal bank account of the defendant, Bill Rotsios." This was done without the knowledge or consent of plaintiff.

After acceptance of the $3,500 check by the defendant California Bank on June 5th, the bank charged against it certain personal checks drawn by Rotsios. Some of these personal checks had already been paid by the bank and were being held by it pending the deposit of moneys by Rotsios. None of those checks represented debts or obligations of the copartnership.

Thereafter, in the usual course of business, the defendant Security-First National Bank paid the amount of the $3,500 check to the defendant California Bank through the Los Angeles clearing house. Plaintiff made demand upon all of the defendants for repayment to him of the $3,500, and thereafter instituted the present suit to recover that sum.

The first indorsement on the check was an indorsement in blank by the plaintiff. Without the second indorsement the check was clearly negotiable by delivery (Civ. Code, §§ 3111, 3115). The mere fact that the subsequent indorsement of the produce company had been stricken did not of itself imply an infirmity or defect of title in a subsequent holder. It may be assumed that ostensibly one partner had as much right to strike the partnership indorsement as the other partner had to make it. Each is the agent of the partnership for the handling of partnership business (Civ. Code, § 2403) and there was nothing on the check to discredit its apparent regularity in that connection. It does not appear from the allegations of the amended complaint that the defendant Security-First National Bank had knowledge or notice of any limitations upon the ostensible authority on the part of one of the partners to negotiate the check. Therefore,

so far as that bank is concerned, it appears that its demurrer to the amended complaint was properly sustained.

A different situation is disclosed with respect to the position of the defendant California Bank. That bank knew that Rotsios had overdrawn his personal account with it, and that it would be advantageous to have him make a deposit of the $3,500 or sufficient thereof to cover his checks. With such knowledge *the bank and Rotsios* blocked out the indorsement of the produce company. At the time the bank took this action it was neither a holder nor an indorser of the check. Rotsios was the holder. After he and the bank blocked out the produce company indorsement, he indorsed his own name. Then the bank, for the first time, accepted the check as aforesaid and became a holder. But the information which it must have necessarily acquired from Rotsios at the time the indorsement of the produce company was stricken, may have constituted knowledge of facts sufficient to put it on inquiry and raise an issue as to its good faith in accepting the instrument. It seems unlikely that it could have failed to suspect that Rotsios was without authority to divert partnership funds to his personal use. Any inquiry at all would have revealed that Rotsios held the check merely as plaintiff's agent, with limited authority to deposit to the partnership account; also that Rotsios, as a copartner, had no authority to indorse or strike indorsements on behalf of the copartnership.

The bank argues that since the check was indorsed by the payee in blank and delivered to Rotsios and since Rotsios was a partner in the produce company, it was justified in assuming that Rotsios placed the indorsement of the copartnership on the check, intending to deposit it in the copartnership account, and thereafter changed his mind and deposited it in his personal account, as he had the apparent right to do. This might be so if the allegations of the amended complaint were merely to the effect that Rotsios presented the check to the California Bank, after striking the copartnership indorsement. But the allegations show that the bank and Rotsios struck the indorsement and that Rotsios thereafter indorsed and presented the check. The form of the stricken indorsement showed a direction for deposit of the check to the partnership account, and not for its negotiation for the personal use of one of the partners. (See *Nordin* v. *Eagle Rock State Bank*, 139 Cal.App. 584, 594 [34 P.2d 490].) Plaintiff's allegations are to the effect that despite the form of the indorse-

ment, the bank took part in striking it without investigation as to the propriety of the conduct of Rotsios, and thereafter became a holder of the instrument. The allegations sufficiently raise an issue whether the bank acted in good faith, that is, whether at the time of acceptance of the check it had knowledge of facts which should have put it on inquiry.

Section 3137 of the Civil Code provides that "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Under this section it is the well-settled rule that "mere knowledge of facts sufficient to put a prudent man on inquiry, without actual knowledge, or mere suspicion of an infirmity or defect of title, does not preclude the transferee from occupying the position of a holder in due course, unless the circumstances or suspicions are so cogent and obvious that to remain passive would amount to bad faith. . . . [T]his rule is subject to the qualification that 'where the circumstances are such as to justify the conclusion that the failure to make inquiry arose from a suspicion that inquiry would disclose a vice or defect in the instrument or transaction, such indorsee is charged with knowledge.' " (*Popp* v. *Exchange Bank,* 189 Cal. 296, 303 [208 P. 113] ; *Jordan* v. *Grover,* 99 Cal. 194 [33 P. 898] ; *Robb* v. *Cardoza,* 110 Cal.App. 116 [293 P. 851] ; *Silberschmidt* v. *Moran,* 79 Cal.App. 533, 539 [250 P. 205] ; 10 C.J.S. § 324, pp. 818-820; *Walker* v. *Commercial Credit Co.* (Tex.Civ.App.), 107 S.W.2d 688.)

The facts here alleged would if established justify the conclusion that the failure of the defendant California Bank to make inquiry arose from a suspicion that inquiry would disclose a vice or defect in the instrument. As against this defendant the amended complaint states a cause of action.

As against the defendant California Bank the judgment of dismissal is reversed. As against the defendant Security-First National Bank of Los Angeles the judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.