[Civ. No. 16763. Second Dist., Div. Two. Aug. 4, 1949.]

G. G. CHRISTIAN, Respondent, v. CALIFORNIA BANK
(a Corporation), Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Appellant.

A. W. Brunton for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff against defendant California Bank after trial before the court without a jury in an action to recover on a cashier's check issued by Security-First National Bank of Los Angeles, payable to plaintiff, defendant California Bank (hereinafter referred to as defendant) appeals.

*Facts:* The evidence disclosed that Security-First National Bank of Los Angeles issued its cashier's check payable to plaintiff. This check he endorsed in blank and stamped immediately below his signature ''Pay to the order of 303 Bank of America 303 National Savings and Trust Association S. & R. Produce Co.'' Plaintiff then delivered the check to Bill Rotsios, his partner in the S. & R. Produce Company, with instructions to deposit the check to the credit of S. & R. Produce Company at the Bank of America. Mr. Rotsios presented the check to the Bank of America for deposit, which bank refused to accept it. He then took it to defendant bank requesting that it be deposited to the credit of his personal account. After verifying the fact that the Bank of America had refused to accept the check, the California Bank agreed to accept it for credit to Mr. Rotsios' personal account, provided the partnership endorsement was stricken and the check endorsed in blank by Mr. Rotsios. The bank then struck out the partnership endorsement with Mr. Rotsios' consent, after which he endorsed the check and it was deposited to his personal account. Later it was paid by the drawee bank.

At the time the check was deposited to Mr. Rotsios' account in defendant bank, his balance was $119.12. To make matters worse, he had issued checks in an amount almost suf-

ficient to consume the entire proceeds of the cashier's check. Also, when he deposited it, he was permitted to withdraw $300 in cash. There had been in the bank since the day before his deposit a check in the amount of $2,137.55 drawn against his account. After deducting the total of his withdrawal of $300 and his check of $2,137.55, he had a balance to his credit of only $1,180.57. Other checks having been drawn by Mr. Rotsios on the day following the deposit of the check there was only $14.62 left to his credit at the bank. At the time of the deposit, defendant knew that it had received and was holding the check for $2,137.55 and that there were not sufficient funds in Mr. Rotsios' account to cover it; that the latter had been engaged in a partnership business under the name of S. & R. Produce Company with a Mr. Smith prior to June 5th; that it was the rule of such company for its checks to be signed by two persons; that the partnership had been dissolved; that plaintiff was taking Mr. Smith's place in a new partnership with Mr. Rotsios, and that the $3,500 cashier's check was the money that plaintiff was putting into the new partnership. Plaintiff never authorized Mr. Rotsios to deposit the cashier's check to his own personal account.

The foregoing facts were set forth in plaintiff's amended complaint. A demurrer of defendant was sustained thereto and on appeal the Supreme Court in *Christian* v. *California Bank*, 30 Cal.2d 421 [182 P.2d 554], reversed the judgment predicated upon the order sustaining the demurrer holding that the complaint, as amended, stated a cause of action. Upon a trial of the issues raised by plaintiff's pleading and defendant's answer thereto, the judgment here appealed from in favor of plaintiff was entered.

■ *Questions:* First: *Under the law as established on the former appeal, did defendant take the cashier's check from Mr. Rotsios in good faith and for value, and without notice of any infirmity in it, or defect in his title?*

This question must be answered in the negative. The decision on appeal from the judgment of dismissal after a general demurrer had been sustained held that the issue of the bank's good faith was sufficiently raised by reason of its having knowledge of facts which should have put it on inquiry; that mere knowledge of facts sufficient to put a prudent man on inquiry without actual knowledge does not preclude the transferee from becoming a holder in due course unless the suspicious circumstances are so cogent that to

remain passive would amount to bad faith. But where the facts warrant the conclusion that failure to make inquiry arose from a suspicion that inquiry would disclose a vice in the instrument, the endorsee is charged with knowledge.

The facts as alleged would justify a finding that the failure of the bank to make inquiry arose from a suspicion that inquiry would disclose a defect in the endorsement of the check. Hence, if the evidence should establish the allegations, plaintiff would be entitled to recover from the bank. (*Christian* v. *California Bank*, 30 Cal.2d 421, 424 [182 P.2d 554].)

The evidence introduced at the trial sustained the allegations as set forth above. The very act of the bank's official in striking out the rubber stamp endorsement on the cashier's check and in having Mr. Rotsios endorse the check for deposit to his personal account was the essence of bad faith. This conclusion is aggravated by the fact that the evidence discloses the bank was holding one of Mr. Rotsios' checks for insufficient funds to pay the same. As soon as the $3,500 cashier's check was credited to the account of Mr. Rotsios, his account was debited in the amount of $2,137.55, represented by the check which the bank was holding because there was not sufficient funds in Mr. Rotsios' account to pay it.

The trial court properly decided that defendant did not take the cashier's check without notice of any infirmity in it or defect in the title of Mr. Rotsios since the Supreme Court in *Christian* v. *California Bank, supra,* at page 425, held that ''The facts here alleged would if established justify the conclusion that the failure of defendant California Bank to make inquiry arose from a suspicion that inquiry would disclose a vice or defect in the instrument.''

■ Second: *Was the cashier's check still the property of plaintiff at the time of trial?*

This question must be answered in the affirmative. Plaintiff testified that the title to the check was not to pass until it had been delivered to the Bank of America and a new account opened under the name of S. & R. Produce Company requiring both the signatures of himself and Mr. Rotsios on checks withdrawing funds from the account. Mr. Rotsios was merely a messenger of plaintiff for delivery of the check to the Bank of America for the purpose of opening an account in accordance with instructions given him by plaintiff. He at no time had authority to strike the endorsement or to deposit the check to his own personal account.

The Supreme Court, in referring to this subject on the previous appeal on page 422, says:

"Plaintiff delivered this check to Rotsios with instructions to deposit it in the Bank of America to the account of the produce company. Rotsios had no right to indorse the checks of the produce company without the joint signature of his copartner and had no right to deposit them to his personal account. However, contrary to instructions, he took the $3,500 check to a branch of the defendant California Bank, where he had a personal account. There, according to the amended complaint, Rotsios 'presented said Cashier's Check to said bank, at which time said bank, by and through its agents and servants, and the said Bill Rotsios, blocked out the stamped restrictive endorsement which the plaintiff had caused to be placed on the back of said check, and the said defendant, Bill Rotsios, then endorsed his own name on the back of said Cashier's Check and the said defendant, California Bank, accepted said altered check and credited the same to the personal bank account of the defendant, Bill Rotsios.' This was done without the knowledge or consent of plaintiff." (See, also, *Nordin* v. *Eagle Rock State Bank,* 139 Cal.App. 584, 594 [34 P.2d 490].)

Third: *Was the S. & R. Produce Company a partnership, the only one who could recover the money wrongfully misappropriated?*

This question will not be considered by us for the reason that defendant on the previous appeal stated in its brief: "The question of whether one partner has the right to strike the endorsement placed on a check by another partner is not involved as both appellant and respondents *concede* that S. & R. Produce Co., a partnership, never had any interest in this check or the proceeds thereof." (Italics ours.) Defendant has thus waived any right to claim that the S. & R. Produce Company had any interest in the cashier's check here involved.

Fourth: *Was plaintiff estopped to claim that defendant was not a holder in good faith for value and without notice of an infirmity or defect in the title of Mr. Rotsios to the cashier's check?*

This question must be answered in the negative. An estoppel may not be relied upon unless the estoppel is pleaded. (*Producers Holding Co.* v. *Hill,* 201 Cal. 204, 209 [256 P. 207].) In the instant case estoppel was not pleaded in de-

fendant's answer to plaintiff's complaint, as amended, and therefore defendant may not rely upon such defense on appeal.

 Fifth: *Did plaintiff waive his right to recover for the wrongful misappropriation of the cashier's check?*

This question must likewise be answered in the negative. Waiver is an affirmative defense and a defendant relying thereon must set it up in his answer. (*Wood* v. *Jotham Bixby Co.,* 29 Cal.App.2d 294, 299 [84 P.2d 204]; *Williamson* v. *Clapper,* 88 Cal.App.2d 645, 652 [199 P.2d 337].) Since in the instant case defendant did not plead a waiver, it may not urge the same before this court.

*Authorities relied on by defendant: Santa Marina Co.* v. *Canadian Bank of Commerce,* 254 F. 391, is not here in point for the reason that the secretary who endorsed the checks in question had authority to endorse checks for the corporation involved. In the present case, Mr. Rotsios did not have authority to endorse the check for deposit to his personal account. Likewise the case of *Glen Falls Indemnity Co.* v. *Palmetto Bank,* 104 F.2d 671, is not applicable for the reason that the party who cashed the checks in such case was authorized by the corporation by whom he was employed to cash checks as well as to deposit them. The difference between the cited case and the present one lies in the fact that in the Glen Falls Indemnity Co. case the employee of the assured had authority to waive the restrictive character of a special endorsement placed by himself on the checks and to collect them as though they had been generally endorsed. (See p. 674.) In the present case there was no such authority.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 29, 1949.