**FRIENDLY NATIONAL BANK OF SOUTHWEST OKLAHOMA CITY, Appellant,**

v.

**FARMERS INSURANCE GROUP, Appellee.**

**No. 52800.**

Supreme Court of Oklahoma.

June 9, 1981.

James W. Dawson, Pete White, Oklahoma City, for appellant.

Roger L. Heath, Charles J. Brackney, Chastain, Heath & Sushnik, Oklahoma City, for appellee.

LAVENDER, Justice:

The parties hold the same position they held in the trial court. The plaintiff is Friendly National Bank of Southwest Oklahoma City (Friendly National). The defendant is Farmers Insurance Group (Farmers).

The pertinent portion of the petition filed by the plaintiff alleges:

On September 22, 1977, defendant issued a claims draft payable "On Acceptance of Commerce Bank of Kansas City" for the sum of $680 payable to the order of Deborah Crippen and signed by one Arlene M. Smith on behalf of defendant.

Deborah Crippen presented the draft to plaintiff, endorsed the same for deposit, and plaintiff credited said sum to the checking account of Deborah Crippen.

Deborah Crippen wrote checks against the account. The draft was returned to plaintiff with the notation "Payment Declined by Farmers Insurance: Payment Stopped" at a time when the plaintiff had paid out the sum of $490.15 against Crippen's checks.

Plaintiff alleges that prior to the "stop payment" order it had no notice of any infirmity in the instrument or defect in the title of Deborah Crippen and claims to be a holder in due course under Uniform Com-

mercial Code—Commercial Paper. Laws 1961, § 3–101 et seq., with a security interest to the extent of the overdraft in the sum of $490.15, for which it seeks to recover.

The issue involved in this appeal is whether the plaintiff is a holder in due course within the meaning of the Uniform Commercial Code.

12A O.S.1971, § 3–302 defines a holder in due course. The holder must take the instrument:

"(1)(a) for value; and

(b) in good faith;

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

12A O.S.1971, § 3–104 provides:

"(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer.

"(2) A writing which complies with the requirements of this section is

(a) a 'draft' ('bill of exchange') if it is an order;

* * * ."

A copy of the draft on which this suit was brought is attached to the petition and meets all of the above requirements to be a negotiable instrument.

Plaintiff's petition alleges it took the draft for value in that it credited Crippen's checking account with the amount of the draft, and then allowed her to draw checks on the account as credited.

In *Peoples Bank of Aurora v. Haar*, Okl., 421 P.2d 817 (1966), a case factually similar to the case at bar, it applies here wherein we said:

"The basic question presented by this case is whether plaintiff is a holder in due course. If it is, then it is entitled to recovery because 12A O.S.1961, § 3–305 provides that a holder in due course takes an instrument free from all defenses of any party to the instrument with whom the holder has not dealt. The plaintiff did not deal with the defendant. If the plaintiff is not a holder in due course, then the defendant is entitled to judgment because a maker may stop payment on a check prior to its payment.

"12A O.S.1961, § 3–302, defines a holder in due course. This statute provides three elements to qualification as a holder in due course. The holder must take the instrument:

" '(1)(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.'

\*   \*   \*   \*   \*   \*

"The first requirement is that the instrument be taken 'for value.' It is clear that the defendant's checks were taken by the plaintiff for value. Two sections of the Oklahoma Commercial Code, 12A O.S.1961, § 1 et seq., state that acquisition of a security interest in an instrument constitutes taking for value:

"1. Section 3–303 provides that a holder takes 'for value' when it acquires a security interest in the instrument otherwise than by legal process.

"2. Section 4–209 says that a bank has given value, for purposes of determining its status as a holder in due course, if it has a security interest in an item.

"12A O.S.1961, § 4–208, enumerates several instances in which a bank is deemed to have a security interest. Two of these are pertinent:

"1. When an item is deposited in an account, to the extent to which credit given has been withdrawn or applied;

"2. When an advance is made on an item."

This leaves for consideration the elements of good faith and lack of knowledge of a defense.

 If the facts show the possibility of a defense as between the defendant and the payees, this is all that is required by the law to place upon the plaintiff the burden of proving that it was in good faith and had no knowledge of the defense. *Peoples Bank of Aurora, supra,* p. 820.

Under the allegations of the petition, the sole remaining question for consideration is whether the fact that the instrument was a "claims draft" and that the draft was "Upon Acceptance Payable Through Commerce Bank of Kansas City" imparted notice to Friendly National of the possibility of a defense to the draft prior to its receipt of the "stop payment" order, thereby thwarting plaintiff's claim to be a holder in due course.

12A O.S.1971, § 3–105 states that a promise or order otherwise unconditional is not made conditional by the fact that the instrument is subject to implied or constructive conditions.

Section 3–120 provides that an instrument which states that it is "payable through" a bank designates that bank as a collecting bank to make presentment but does not of itself authorize the bank to pay the instrument, and § 3–121 provides that when the item states that it is payable at a bank, this is not of itself an order or authorization to the bank to pay it.

 We hold that the effect of making the item "Payable Through Commerce Bank of Kansas City" was merely to designate the Commerce Bank of Kansas City as a collecting bank to make presentment, and did not of itself place plaintiff on notice or inquiry as to any possible defense to the item.

 Even though the draft read "Upon Acceptance Pay to the Order Of," this was a case of defendant drawing a draft upon itself, and the mere words "upon acceptance" did not give the defendant any greater right to stop payment than if the words "upon acceptance" had not been included in the draft. *Bailey v. Polster,* 468 S.W.2d 105 (Tex.Civ.App.1971).

 Defendant was both the drawer and drawee of the draft; and its signature on the draft denoted its acceptance, and its signed engagement to honor the draft as presented within the meaning of 12A O.S. 1971, § 3–410.

 Neither does the fact that the draft is characterized on its face as being a "Claims Draft" put the plaintiff on notice or inquiry. Under 12A O.S.1971, § 3–105(1)(a), a promise or order otherwise unconditional is not made conditional by the fact that the instrument is subject to implied or constructive conditions. The words "Claims Draft" appearing at the top of the item connote nothing more than a characterization of the nature of the instrument, and taken alone do not suggest to the holder any limitation upon the promise of payment set forth in the instrument itself.

Under the allegations of the petition, plaintiff is a holder in due course within the meaning of the Uniform Commercial Code.

REVERSED AND REMANDED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, HARGRAVE, and OPALA, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.