**UNION BANK AND TRUST COMPANY, an Oklahoma banking corporation, Appellee,**

v.

**John G. POLKINGHORNE, an individual, Appellant.**

**No. 70709.**

Court of Appeals of Oklahoma, Division No. 3.

May 15, 1990.

Rehearing Denied June 26, 1990.

Lee Endicott, Green, James & Williams, Oklahoma City, for appellant.

Richard D. Forshee and L. Gaylene Henley, Pate & Payne, P.C., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant John G. Polkinghorne (Appellant or Polkinghorne) seeks review of the Trial Court's order granting summary judgment to Appellee Union Bank and Trust Company (Appellee or Bank) in Bank's action to recover on a negotiable instrument, a check. The Trial Court found no factual controversy as to Bank's status as a holder of the check in due course, i.e., taken for value, in good faith, and without notice of claims or defenses, and granted judgment to Bank.

Polkinghorne invested in a venture to be operated by Professional Training Resources (PTR), a customer of Bank and not a party to this action, and Polkinghorne issued a check in the sum of Twelve thousand five hundred dollars ($12,500.00) to PTR. PTR deposited the check in its account with Bank, the account then having a negative balance, and Bank allowed PTR to draw on the deposited sum. Polkinghorne later stopped payment on the check to PTR, having apparently received information of PTR's questionable financial status. Before Bank received notice of the stop-payment, PTR had withdrawn about $9,240.00 from its account.

Bank "charged back" the amount of Polkinghorne's stopped check to PTR's account, leaving PTR's account with a $10,-000.00 negative balance. PTR negotiated a loan with Bank to cover the negative balance. Bank then commenced the instant suit against Polkinghorne to recover on the dishonored check, asserting its status as a holder in due course. Polkinghorne answered, admitting issuance of the negotiable instrument/check to PTR, negotiation of the check to Bank, and asserting the defenses of waiver, laches, failure of consideration and fraud in the inducement for issuance of the check to PTR.

Bank then moved for summary judgment, supported by an affidavit and deposition of two bank officers, establishing (1) PTR's status as a Bank customer, (2) presentment and credit of the amount of the check to PTR's account, (3) dishonor and return of the check upon presentment to Polkinghorne's bank, and (4) prior to dishonor, PTR's withdrawal of funds from the account. Bank thus argued these facts undisputedly established its status of hold-

er in due course, and that Polkinghorne's defenses were thus unavailing.

Polkinghorne responded, objecting to summary judgment. In support of his objection, Polkinghorne offered the deposition testimony of one of the Bank officers, establishing that PTR had a history of overdrawing its account with Bank, that Bank allowed PTR to withdraw funds from its account before collection of Polkinghorne's check, that Bank subsequently loaned PTR sufficient funds to cover the overdrafts caused by dishonor of Polkinghorne's check, and that after dishonor, PTR continued to use its account with Bank and in the two months after dishonor of Polkinghorne's check, deposited over $36,000.00 in the account. Polkinghorne also offered his own affidavit asserting failure of consideration for and fraudulent inducement by PTR in issuance of the check.

Polkinghorne thus argued to the Trial Court, as he does to this Court on review, the establishment of controverted issues of material facts (1) concerning Bank's status of holder in due course because the incidents of PTR's overdraft history raised a fact question as to Bank's good faith in giving value, i.e., allowing withdrawal of funds before collection of the check, (2) estoppel of Bank to recover against Polkinghorne because Bank could have recouped its loss from PTR's subsequent deposits, and (3) waiver by Bank of its right to proceed against Polkinghorne by charging back the amount of the check to PTR's account and subsequently loaning PTR sufficient funds to cover the overdraft created by dishonor of Polkinghorne's check, precluding summary judgment.

The Trial Court disagreed, finding no controversy of material fact as to Bank's status as a holder in due course, and granted judgment to Bank on the issue of Polkinghorne's liability on the check. At nonjury trial, the Trial Court accepted evidence as to receipt of notice of dishonor by Bank, and Bank's sustained damages. The Trial Court subsequently entered judgment for Bank in the sum of $9,240.29, the amount of PTR's withdrawals before dishonor. Polkinghorne now appeals.

■ On review of orders granting or denying motions for summary judgment, "this court will examine the pleadings and evidentiary materials to determine what facts are material to [the] cause of action, and to determine whether the evidentiary materials introduced indicate whether there is a substantial controversy as to one material fact and that this fact is in the movant's favor." *Ross, by and through Ross v. City of Shawnee,* 683 P.2d 535, 536 (Okl.1984). In other words, and even where the opposing party fails to respond to a motion for summary judgment, we must canvass the facts presented on summary judgment to determine if the motion is well-founded. *Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682, 684–685 (Okl. App.1987) (approved for publication by Supreme Court).

■ In his first allegation of error, Polkinghorne asserts that the facts introduced on summary judgment show that Bank should be estopped to recover from him because of Bank's failure to recoup the amount of the check from PTR's subsequent deposits. We disagree. Clearly the Oklahoma Uniform Commercial Code (UCC), 12A O.S.1981 1–101 et seq., allows a holder of an instrument, in this case, Bank, to proceed against either the drawer, Polkinghorne, or the endorser, PTR. 12A O.S. § 3–507. Bank has not "recouped" any monies from its customer, PTR, from which Polkinghorne may benefit as argued by Polkinghorne. See also, *Security Bank v. Whiting Turner Contr. Co.,* 277 A.2d 106 (D.C.1971). Rather, Bank has merely been repaid for conditional credit and advances to PTR made by Bank based on the prima facie strength of Polkinghorne's unconditional promise to pay, later dishonored.

■ In his second proposition, Polkinghorne argues that the facts on summary judgment show that Bank has waived its right to proceed against him by making the subsequent loan to PTR to cover PTR's overdrawn account, and thus Bank has been restored to its original position. "Waiver is the intentional relinquishment of a known right or conduct which war-

rants an inference of such intent.... *Prudential Fire Ins. Co. v. Trave–Taylor Co.,* 194 Okl. 394, 152 P.2d 273 (1944)." *Crowell v. Thoreau Center, Partnership,* 631 P.2d 751, 752 (Okl.1981). The evidence adduced by either party on summary judgment does not support a conclusion or inference of intentional relinquishment of a known right by Bank on which reasonable men might differ, and we therefore reject this allegation.

■ As to Polkinghorne's third allegation of error regarding Bank's status of holder in due course, we initially note that there is no question that Polkinghorne's check to PTR constitutes a negotiable instrument, that PTR negotiated the check to Bank, that Polkinghorne stopped payment on his check to PTR, and that the check was dishonored upon presentment thereof by Bank to Polkinghorne's bank. 12A O.S. § 3–104; 12A O.S. § 3–202; 12A O.S. § 3–508. Bank's asserted status as a holder in due course, rendering Polkinghorne's personal defenses of failure of consideration and fraud against PTR unavailing as against Bank, is governed by 12A O.S. §§ 3–302, 3–305, which provide in pertinent part:

(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

12A O.S. § 3–302.

To the extent that a holder is a holder in due course he takes the instrument free from

(1) all claims to it on the part of any person; and

(2) all defenses of any party to the instrument with whom the holder has not dealt except

(a) ...; and

(b) such ... incapacity, or duress or illegality of the transaction, as renders the obligation of the party a nullity; and

(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

(d) ...; and

(e) any other discharge of which the holder has notice when he takes the instrument.

12A O.S. § 3–305.

A bank/holder gives "value" to the extent credit has been given for the instrument, or to the extent bank has acquired a security interest in the instrument. 12A O.S. § 3–303; 12A O.S. §§ 4–208, 4–209. See also, *Friendly Nat'l. Bank v. Farmers Ins. Group,* 630 P.2d 318 (Okl.1981); *Peoples Bank of Aurora v. Haar,* 421 P.2d 817 (Okl.1966). The term "good faith," as used in the UCC, "means honesty in fact in the conduct or transaction concerned." 12A O.S. § 1–201(19). "A person has 'notice' of a fact when: (a) he has actual knowledge of it; or (2) he had received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time in question he has reason to know that it exists." 12A O.S. § 1–201(25).

■ Under these authorities, there is little doubt that Bank took Polkinghorne's check "for value." The Bank officer's testimony established that the Bank officer dealing with the PTR check had no reason to believe the check would not be honored, and that there had been no previous problems with PTR's account mandating different treatment of PTR's deposit of Polkinghorne's check. Further, we find the course of dealing between PTR and Bank has nothing to do with Bank's reliance on the prima facie sufficiency of Polkinghorne's check, and Bank clearly had no notice of Polkinghorne's defenses against PTR. We therefore find the Trial Court thus properly granted summary judgment to Bank and further correctly determined the amount of Bank's damages to be the amount paid out by Bank on checks drawn by PTR before Bank received notice of stop-payment. *St. Paul Ins. Cos. v. First Nat'l. Bank of Antlers,* 254 F.Supp. 265 (E.D.Okl.1966).

No reversible error of law appears and the findings of fact by the Trial Court are supported by sufficient competent evidence. The order of the Trial Court is therefore AFFIRMED. Rule 1.202(b), Rules of Appellate Procedure, 12 O.S.1983 Supp., Ch. 15, App. 2.

ADAMS, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting:

I respectfully dissent. PTR's questionable banking practices resulting in numerous overdrafts and Bank's failure to adhere to its own policy regarding the issuance of immediate credit against deposits raise questions of fact as to whether Bank actually met the holder in due course requirements of good faith and without notice of the defenses claimed by Polkinghorne.

The possibility of a defense is all that is required by law to place upon Bank the burden of proving it is in good faith and has no knowledge of a defense. *Peoples Bank of Aurora v. Haar*, 421 P.2d 817 (Okla.1966). Polkinghorne's allegations that misrepresentation by PTR caused him to receive inadequate consideration for the instrument he issued places the burden of proof of the last two requirements of a holder in due course upon Bank.

In the instant case, Bank's only evidence of good faith is that the officer responsible for the transaction, after considering all relevant circumstances and knowing that Bank had never sustained a loss with this customer, made the decision to issue immediate credit against the deposit. However, the record reveals Bank's officer violated its policy regarding the issuance of immediate credit against deposits in light of the fact that PTR had numerous overdrafts.

Moreover, when the circumstances are such as to justify the conclusion that the failure to make inquiry arose from a suspicion that the inquiry would disclose a vice or defect in the transaction, such indorsee is charged with notice. *See Christian v. California Bank*, 30 Cal.2d 421, 182 P.2d 554 (1947). Bank knew its customer had overdrawn his account, and it would be advantageous to have him make a deposit sufficient to cover his overdrawn checks. Similarly, Bank extended immediate credit on a $12,500 deposit to an account that had a negative balance at the time of the deposit. The account had previously experienced sixteen overdrafts that month.

Summary judgment should be granted only where it is "perfectly clear" there is no substantial controversy as to any fact in a case. Moreover, it must appear that reasonable people exercising fair and impartial judgment could not reach different conclusions upon the undisputed facts. *Flanders v. Crane*, 693 P.2d 602 (Okla.1984). It is apparent in the case at bar that reasonable persons, exercising fair and impartial judgment, could reach different conclusions upon consideration of the facts.

Whether Bank met the requirements of a holder in due course was a question of fact for the jury to determine, and Bank was not entitled to prevail as a matter of law.